UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY JEROME WILLIAMS,

      Plaintiff,

v.                                       Case No.  3:17cv21/LC/CJK

GEO GROUP, INC., et al.,

      Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, commenced this action on January 5, 2017, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2).  On January 10, 2017, the court entered an order (doc. 4) granting plaintiff's motion to proceed *in forma pauperis* and assessing an initial partial filing fee of $3.00, to be paid within 30 days.  After plaintiff failed to pay the initial partial filing fee, the court ordered him to show cause (doc. 5) why this case should not be dismissed for failure to comply with an order of the court. Plaintiff has responded by filing an updated inmate account statement indicating he is unable to pay the initial partial filing fee (docs. 6, 7).  For the limited purpose of dismissing this action, the show cause order will be discharged.  Upon review of

plaintiff's complaint, however, the court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff is an inmate of the Florida Department of Corrections currently confined at Blackwater River Correctional Facility. Plaintiff is suing the Geo Group, Inc.; Geo Care, Inc. and Dr. Regulo Calaycay, claiming that medical staff at Blackwater River CF failed to timely provide him with necessary medication and eyeglasses. As relief, plaintiff seeks compensatory damages and injunctive relief. (Doc. 1).

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). On page six of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (Doc. 1, p. 6) (emphasis in original). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No", and disclosed no cases. (*Id.*). At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "**I DECLARE**

**UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 1, p. 9) (emphasis in original).  Thus, plaintiff has, in effect, stated that at the time he filed his complaint, he had not initiated any other action in federal court that was dismissed prior to service or for failing to state a claim.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.  In light of § 1915(g), the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  *See* 28 U.S.C. § 1915(g) (providing that a prisoner who has had three or more cases or appeals dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted cannot proceed *in forma pauperis* in any future suit he files as a prisoner, unless he is under imminent danger of serious physical injury). The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court takes judicial notice that at the time plaintiff filed his complaint in this case, he had initiated a previous civil action in this court that required disclosure.

On April 17, 2008, plaintiff, while incarcerated at Liberty Correctional Institution, filed a federal civil rights action in this court, claiming that officers with the Marianna Police Department used excessive force on him during his arrest in September 2006. *See Williams v. Beasley*, Case No. 5:08cv110/RS/WCS.  The case was dismissed on February 13, 2009, prior to service, pursuant to § 1915(e)(2)(B)(ii), for failing to state a claim.  *See* Case No. 5:08cv110/RS/WCS, Docs. 15, 17, 18.  This case may be positively identified as having been filed by plaintiff because it bears his name and Florida Department of Corrections Inmate Number, 361941.  *See* Case No. 5:08cv110.  Plaintiff was making regular partial filing fee payments on Case No. 5:08cv110 until as recently as January 2014.  Plaintiff did not disclose this prior civil action despite the complaint form's clear instructions that all prior cases must be disclosed.  Plaintiff's non-disclosure is important, because the case counts as a "strike" under 28 U.S.C. § 1915(g).

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to a question on the complaint form, as

detailed above.  Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required.  The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  (Doc. 1, p. 4).  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The court should not allow plaintiff's false responses to go unpunished.  An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly it is ORDERED:

The show cause order (doc. 5) is DISCHARGED.

And it is respectfully RECOMMENDED:

1.  That this action be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for plaintiff's abuse of the judicial process.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 21st day of March, 2017.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.